IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARIO DERELL SLAUGHTER,<br>AIS # 256051,<br><br>Plaintiff,<br><br>v.<br><br>ALABAMA DEPT OF<br>CORRECTIONS, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 2:25-CV-1029-WKW<br>[WO] |

**ORDER**

On March 2, 2026, this action was dismissed without prejudice for Plaintiff Mario Derell Slaughter's failure to prosecute and comply with orders of the court. (Doc. # 6.) For background, by Order dated January 12, 2026, Plaintiff was directed to pay an initial partial filing fee of $29.13 by February 2, 2026. (Doc. # 4.) After the deadline passed, an Order was issued on February 10, 2026, instructing Plaintiff to show cause by February 24, 2026, for not paying his initial partial filing fee. (Doc. # 5.) The deadline for Plaintiff to show cause passed without any response from Plaintiff or payment of his initial partial filing fee. Accordingly, this case was dismissed, and final judgment was entered on March 2, 2026. (Docs. # 6, 7.) Now, more than seven months after the dismissal of this case, Plaintiff has filed a motion for relief from judgment pursuant to Rules 60(b)(2) and (6) of the Federal Rules of

Civil Procedure. (Doc. # 14.) For the reasons to follow, Plaintiff's motion will be denied.

Rule 60(b) of the Federal Rules of Civil Procedure "permits a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Kemp v. United States*, 596 U.S. 528, 533 (2022) (citation and internal quotation marks omitted). Here, Petitioner references Rules 60(b)(2) and 60(b)(6). (Doc. # 14 at 1.) Rule 60(b)(2) allows the court to grant relief based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). Rule 60(b)(6), a catch-all provision, allows the court to grant relief from a final judgment for "any *other* reason that justifies relief" (*i.e.*, for a reason other than those supplied in Rules 60(b)(1)–(5)). Fed. R. Civ. P. 60(b)(6) (emphasis added). The movant bears the burden of showing that he is entitled to relief. *See Gonzalez v. Crosby*, 545 U.S. 524, 528–29 (2005); *accord Martin v. State of Fla.*, 2026 WL 482266, at *2 (11th Cir. Feb. 20, 2026) (per curiam).

Plaintiff requests that this case be reopened because he "was unaware that his payment was not received by the clerk, as prison officials promised [him] that the matter would be taken care of before the February 2, 2026 deadline." (Doc. # 14 ¶ 4.) As "proof that [Plaintiff] authorized prison officials to make the initial payment," Plaintiff submitted as a copy of his prisoner trust fund account statement as Exhibit A to his motion. (Doc. # 14-1.) But that account statement, dated April

6, 2026 (*see* Doc. # 14-1), does not provide "proof" that Plaintiff authorized payment of the initial partial filing fee prior to the February 2 deadline, and it does not explain Plaintiff's failure to respond to the show-cause Order issued on February 10.

There is nothing in the record to indicate that Plaintiff did not receive the show-cause Order issued on February 10, 2026 (Doc. # 5), so, upon receipt of that Order, Plaintiff was on notice that his initial partial filing fee had not been received. There also is nothing in the record to indicate that Plaintiff did not receive the dismissal Order and final judgment (Docs. # 6, 7) issued on March 2, 2026. On the contrary, in the instant motion, Plaintiff wrote, "On March 2, 2026, this court dismissed Plaintiff's *pro se* action without prejudice due to failure to pay the initial filing fee." (Doc. # 14 ¶ 3.) He does not argue that he never received the dismissal Order and final judgment or that he only recently received the Order and judgment.

Moreover, Plaintiff's April 2026 account statement, which he contends he received "on or about April 6, 2026" (Doc. # 14 ¶ 8), shows that filing-fee payments were remitted on March 5, 2026, and April 1, 2026 (Doc. # 14-1 at 1–2). The electronic docket sheet shows that payments also were received in May, July, August, and September 2026 (Docs. # 10–13), and Plaintiff states that "prison officials have been collecting a percentage of the funds deposited into [his] prison account" (Doc. # 14 ¶ 7). It appears Plaintiff was aware that his case had been dismissed on March 2, 2026, and, as of approximately April 6, 2026, that filing-fee payments were (and still are) being withdrawn from his inmate account. In sum,

Plaintiff has had ample opportunity in the seven months since the dismissal of his case to contest that dismissal, but he failed to do so until now. Plaintiff's motion has been carefully considered but fails to establish any basis for relief under Rules 60(b)(2) and 60(b)(6).

Based on the foregoing, it is ORDERED that Plaintiff's motion for relief from judgment pursuant to Rules 60(b)(2) and (6) of the Federal Rules of Civil Procedure (Doc. # 14) is DENIED.[1]

DONE this 3rd day of November, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

[1] In his complaint, Plaintiff alleged that a violation of his constitutional rights occurred on January 22, 2025. (*See* Doc. # 1 at 2.) The dismissal of this action was without prejudice, and, at this time, there is no impediment barring Plaintiff from refiling this case if he so chooses.